IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RONALD RAYBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.:  21EV006492 |
| VITALIY STATSENKO, | ) | |
| COLUMBIA FREIGHT, LLC, and | ) | DEMAND FOR JURY TRIAL |
| GREAT WEST CASUALTY | ) | |
| COMPANY, | ) | |
| | | |
| Defendants. | | |

## <u>NOTICE OF REMOVAL</u>

Defendants Vitaliy Statsenko, Columbia Freight, LLC, and Great West Casualty Company (collectively referred to herein as "Defendants") file this Notice of Removal showing the Court as follows:

1.

Plaintiff filed a civil action in the State Court of Fulton County, Georgia, naming Vitaliy Statsenko, Columbia Freight, LLC, and Great West Casualty Company as defendants. *See* Civil Action File No. 21EV006492 (Fulton Cnty.). Plaintiff alleges injuries stemming from a motor vehicle accident that occurred on July 30, 2020 on Interstate 285 westbound near the Glenridge Drive exit in Sandy Springs, Georgia.  The entire state court file is attached hereto as Exhibit "A."

2.

At the time the Complaint was filed, Plaintiff was a resident and citizen of the State of Georgia. *See* Accident Report attached as Exhibit "B."

3.

At the time the Complaint was filed, Defendant Columbia Freight, LLC was a foreign limited liability company organized under the laws of the State of Washington with its principal place of business located in Washington. Columbia Freight is a single-member limited liability company, with Andrey Stepanyuk the sole member. For diversity purposes, limited liability companies are deemed to be citizens of each state in which the members of the limited liability company reside. Stepanyuk is a citizen of the State of Washington, and therefore Columbia Freight will be deemed to be a citizen of the State of Washington and no other state.

4.

At the time the Complaint was filed, Defendant Vitaliy Statsenko was a resident and citizen of the State of Oregon.

5.

At the time the Complaint was filed, Great West was a corporation incorporated under the laws of the State of Nebraska with its principal place of

4886-9033-9585v1

business located therein. For purposes of diversity, Great West is deemed to be a citizen of the State of Nebraska and no other state.

6.

In the Complaint, Plaintiff alleges that due to the motor vehicle accident he sustained bodily injuries including a traumatic brain injury resulting in blurred vision, vestibular dysfunction, headaches, insomnia and short-term memory loss; a lumbar spine injury resulting in pain radiating down his left hip and leg; and the aggravation of pre-existing cervical spine injuries resulting in pain radiating down his right arm. Compl. ¶ 32.

7.

Plaintiff is seeking to recover an unknown amount of special and general damages, including damages for mental and physical pain and suffering, lost wages, future lost income (alleged to continue to rise in the future), alleged punitive damages, and attorneys' fees. *Id.* ¶¶ 34, 35, 40.

8.

Further, Plaintiff has demanded an amount from Defendants that far exceeds the jurisdictional threshold of $75,000.[1] *See Henrikson v. Travelers Home & Marine Ins. Co.*, No. 2:18-CV-75-WKW, 2018 WL 3873583, at *2 (M.D. Ala.

---

[1] To comply with Rule 408 of the Federal Rules of Evidence, additional discussion and correspondence evidencing Plaintiffs' valuation of their claims are not included herein, but can be submitted to the Court for *in camera* review.

Aug. 15, 2018), citing *Grinnell Mut. Reinsurance Co. v. Haight,* 697 F.3d 582, 585 (7th Cir. 2012) ("Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered "to show the stakes" when determining whether the amount in controversy is met."); *see also* Fed. R. Evid. 408(b) (settlement evidence may be admitted "for another purpose").

9.

Although Plaintiff's Complaint does not specify the amount of damages that he is seeking, Plaintiff's Complaint does state that he has incurred medical expenses totaling "at least" $71,617.24, which "will continue to rise into the future." *Id.* ¶33. This amount does not include Plaintiff's alleged property damage, future medical expenses, alleged pain and suffering, claimed punitive damages, or claimed attorneys' fees. *Id.* ¶¶ 33, 40.

10.

Based on Plaintiff's Complaint, it is facially apparent that Plaintiff will be seeking damages in excess of $75,000 associated with his alleged injuries stemming from this accident. *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010).

4886-9033-9585v1

11.

Based on Plaintiff's allegations in the Complaint, Plaintiff's alleged injuries, medical expenses alleged to be related to the subject incident, pain and suffering alleged to be related to the subject incident, alleged lost wages, alleged future lost income, and alleged property damage, the total of the alleged special and general damages at issue in this matter exceeds the amount in controversy requirement for removal to this court, and the jurisdictional prerequisite is therefore satisfied. There is diversity of the parties at the time of this removal, which satisfies the remaining requisite elements of jurisdiction and entitles Defendant to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C §§ 1332 and 1446.

12.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), 28 U.S.C §§ 1446(a) and (b) and, in accordance with U.S.C. § 1332(a), there being a complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

13.

Now, within thirty days after the receipt by Defendant of the document

indicating that the amount in controversy has been met and thus making the case removable to this Court, notice is hereby given, in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11 of the Federal Rules of Civil Procedure, of the removal of said action to this Court.

14.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C § 1446.

15.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Fulton County, Georgia, as required by 28 U.S.C § 1446.

WHEREFORE, Defendant prays that the above-captioned lawsuit be removed to the United States Court for the Northern District of Georgia, Atlanta Division.

4886-9033-9585v1

Respectfully submitted, this 24th day of November, 2021.

|  |  |
|---|---|
| | BAKER, DONELSON, BEARMAN |
| Monarch Plaza, Suite 1600 | CALDWELL & BERKOWITZ, PC |
| 3414 Peachtree Road NE | |
| Atlanta, Georgia 30326 | */s/ Brent W. Cole* |
| Telephone:  (404) 577-6000 | MARK A. BARBER |
| Facsimile:  (404) 221-6501 | Georgia State Bar No. 036875 |
| Email: mbarber@bakerdonelson.com | BRENT W. COLE |
| Email: bcole@bakerdonelson.com | Georgia State Bar No. 294999 |

*Attorneys for Defendants Vitaliy Statsenko, Columbia Freight, LLC, and Great West Casualty Company*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 5.1B</u>

This is to certify that this Pleading was created in Times New Roman 14-point font with a 1.5" top margin in accordance with Local Rule 5.1B.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

<u>/s/   Brent W. Cole</u>
BRENT W. COLE
Georgia State Bar No. 294999
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 24, 2021, I served a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF filing system, which will automatically send email notification of such filing to the following attorneys of record:

Lloyd Hoffspiegel
Alexander Hoffspiegel
Hoffspiegel Law
2900 Chamblee Tucker Road
Building 15
Atlanta, Georgia 30341

Mark E. Scott
Fain, Major & Brennan, P.C.
One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, Georgia 30342

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
Email: bcole@bakerdonelson.com

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

 /s/   *Brent W. Cole*
BRENT W. COLE
Georgia State Bar No. 294999

*Attorney for Defendants Vitaliy*
*Statsenko, Columbia Freight, LLC, and*
*Great West Casualty Company*

4886-9033-9585v1